# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3749-17T6

STATE OF NEW JERSEY,

      Plaintiff-Appellant,

v.

MALIK KAMARA,

      Defendant-Respondent.

_____

Argued February 26, 2019 – Decided March 29, 2019

Before Judges Yannotti, Rothstadt and Gilson.

On appeal from Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 17-12-1394.

Claudia Joy Demitro, Deputy Attorney General, argued the cause for appellant (Gurbir S. Grewal, Attorney General, attorney; Claudia Joy Demitro, of counsel and on the brief).

John W. Douard, Assistant Deputy Public Defender, argued the cause for respondent (Joseph E. Krakora, Public Defender, attorney; Elizabeth C. Jarit, Assistant Deputy Public Defender, of counsel and on the brief).

PER CURIAM

The State appeals from an order entered by the Law Division on April 13, 2018, which dismissed the indictment charging defendant under N.J.S.A. 2C:29-9(a) with purposely or knowingly disobeying an order of pretrial release, entered by the court pursuant to the Criminal Justice Reform Act (CJRA), N.J.S.A. 2A:162-15 to -26. We reverse.

On February 20, 2017, defendant was charged in complaint-warrant W-2017-0358-1225 with fourth-degree obstructing the administration of the law, N.J.S.A. 2C:29-1(a); third-degree resisting arrest, N.J.S.A. 2C:29-2(a)(3)(a); third-degree attempted burglary, N.J.S.A. 2C:5-1(a)(1), N.J.S.A. 2C:18-2(a)(1); and fourth-degree throwing a bodily fluid at a law enforcement officer, N.J.S.A. 2C:12-13. Defendant also was charged in complaint-warrant W-2017-0356-1225 with fourth-degree throwing a bodily fluid at a law enforcement officer.

On February 22, 2017, a judge entered an order releasing defendant pretrial, subject to certain non-monetary conditions. One of those conditions was that defendant "[s]hall not commit any offense during the period of release."

On September 19, 2017, defendant was charged in complaint-warrant W-2017-1476-1225 with third-degree conspiracy to use a credit card fraudulently, N.J.S.A. 2C:5-2(a); N.J.S.A. 2C:21-6(h); third-degree attempt to use a credit

A-3749-17T6

card fraudulently, N.J.S.A. 2C:5-1(a)(1); N.J.S.A. 2C:21-6(h); fourth-degree credit card theft, N.J.S.A. 2C:21-6(c)(1); and fourth-degree contempt of court for violating the court's pretrial release order, N.J.S.A. 2C:29-9(a). Defendant and other individuals allegedly committed these offenses on August 2, 2017.

On December 7, 2017, a Middlesex County grand jury returned Indictment No. 17-12-1391 charging defendant and others with conspiracy to use a credit card fraudulently and other offenses. The grand jury also returned Indictment No. 17-12-1394 charging defendant with contempt. In addition, on January 22, 2018, defendant was charged in Accusation No. 18-01-61 with fraudulent use of a credit card. It appears that defendant also was charged with other offenses under Indictment No. 17-09-1024 and Indictment No. 17-11-1345.

On January 22, 2018, defendant pled guilty to various charges including contempt as charged in Indictment No. 17-12-1394. The State agreed to dismiss the other charges, and to recommend an aggregate sentence of four years of incarceration, without a specified period of parole ineligibility. At a later hearing, the judge questioned whether the State could charge defendant under N.J.S.A. 2C:29-9(a) with violating the court's pretrial release order. Thereafter, defendant filed a motion to dismiss Indictment No. 17-12-1394. The State opposed the motion.

A-3749-17T6

After hearing oral argument, the judge filed a written opinion in which he concluded that the CJRA did not authorize prosecution under N.J.S.A. 2C:29-9(a) for a violation of a pretrial release order. In its opinion, the court also found that the double jeopardy protections under the United States Constitution and the New Jersey Constitution precluded the State from prosecuting defendant for violating the pretrial release order, based on the commission of new offenses, and for the new offenses.

The judge entered an order dated April 13, 2018, dismissing the indictment. The judge then sentenced defendant on the other charges to which he pled guilty to an aggregate term of four years of incarceration. The judge also denied the State's motion to stay the order dismissing the indictment pending appeal. This appeal followed.

On appeal, the State argues that: (1) the trial court erred by dismissing the indictment because it was not palpably defective; (2) the plain language of N.J.S.A. 2C:29-9(a) and the CJRA allows the State to charge a defendant with contempt for a violation of a condition in a pretrial release order; (3) the contempt charge is consistent with the purposes of the CJRA; (4) the charge is consistent with New Jersey law; (5) federal law does not preclude a contempt charge for violating the pretrial release order; (6) the Double Jeopardy Clause

4

does not preclude the State from charging defendant with violating the pretrial release order; and (7) defendant was properly notified of the consequences of failing to comply with the court's order.

In response, defendant argues: (1) the trial court correctly dismissed the charge of contempt under N.J.S.A. 2C:29-9(a); (2) the plain language of the CJRA and its legislative history establish that the Legislature rejected contempt as a remedy for a violation of a pretrial release order; (3) the Legislature's intent to exclude contempt as a remedy is shown by its decision to differentiate the CJRA from analogous provisions of federal law and a District of Columbia statute; (4) New Jersey case law addressing similar violations of conditions of probation and bail supports the conclusion that a violation of a condition in a pretrial release order is not subject to prosecution for contempt under N.J.S.A. 2C:29-9(a); (5) the regulatory nature of the CJRA does not support the use of a contempt prosecution as a remedy for a violation of a pretrial release condition; (6) defendant was not properly notified he could be charged with contempt if he violated a condition of release; and (7) double jeopardy protections preclude the State from imposing punishment for violating the pretrial release order and the related substantive offenses.

5

Having thoroughly considered the arguments of the parties, we conclude for the reasons stated in our opinion in <u>State v. McCray</u>, __ N.J. Super. __ (App. Div. 2019), which also is filed today, that the trial court erred by dismissing the indictment charging defendant with purposely or knowingly violating the court's pretrial release order.

The CJRA does not preclude the State from charging a defendant with contempt under N.J.S.A. 2C:29-9(a) based on a violation of a condition in a pretrial release order, and defendant had adequate notice that he could be charged under N.J.S.A. 2C:29-9(a) if he violated the order. Moreover, the double jeopardy protections in the United States Constitution and the New Jersey Constitution do not bar the State from prosecuting defendant for contempt under N.J.S.A. 2C:29-9(a), based on his commission of a new offense, and also prosecuting defendant for that substantive offense.

Reversed and remanded to the trial court for further proceedings in conformity with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3749-17T6